IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES ALLEN ECHOLS                                                            PLAINTIFF

vs.                                    Civil No. 6:09-cv-06074

MICHAEL J. ASTRUE                                                             DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

James Allen Echols ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his SSI application on July 19, 2005.  (Tr. 45, 184).  Plaintiff claimed he was disabled due to asthma and right leg injuries following a motorcycle accident.  (Tr. 99, 105, 483). In his application, he alleged an onset date of June 24, 2005.  *See id.*  This application was initially denied on September 8, 2005 and was denied again on reconsideration on December 2, 2005.  (Tr. 22-23).  On January 18, 2006, Plaintiff requested an administrative hearing on his application.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

31). This hearing request was granted, and a hearing on this matter was held on February 20, 2007 in Hot Springs, Arkansas. (Tr. 475-503). Plaintiff was present and was represented by counsel, Shannon Carroll, at this hearing. *See id.* Plaintiff, Janie Echols (Plaintiff's wife), and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c)(2008), and had obtained his GED and some college credit. (Tr. 479).

On October 22, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 13-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments: asthma, residuals of a motorcycle accident in June 2005 which caused a comminuted fracture of the right tibia and fibula, and continued right lower extremity pain and weakness. (Tr. 20, Finding 3). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-19). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform a wide range of sedentary work. (Tr. 20, Finding 7). Specifically, the ALJ found his RFC to be as follows:

> The claimant retains the residual functional capacity for a wide range of sedentary jobs. He has no mental limitations. Social Security Regulation 20 CFR 404.1567 defines sedentary work activity as requiring sitting for a maximum of six hours in an eight hour work period; walking and standing for no more than two hours in an eight hour work period; and lifting and carrying objects weighing no more than 10 pounds, on an occasional basis. His ability to perform the full range of sedentary work is eroded by the following environmental limitations: he must avoid concentrated exposure to excessive dust, odors, fumes, temperature extremes, humidity, and pulmonary irritants.

*See id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ found Plaintiff's PRW to include work as a delivery driver (medium, semi-skilled), material handler (heavy, semi-skilled), and stock clerk (heavy, semi-skilled). (Tr. 19). The ALJ found that, given Plaintiff's RFC and other limitations, he did not retain the ability to perform his PRW. (Tr. 20, Finding 6). The ALJ, however, also found that given his age, education, past work, RFC, and other limitations, he still retained the capacity to perform other work existing in significant numbers in the economy. (Tr. 20, Finding 10). The ALJ based this determination upon the testimony of the VE. *See id.* Specifically, the VE testified Plaintiff could perform work as a receptionist (sedentary, semi-skilled) with 4,000 such jobs in Arkansas and over 550,000 such jobs in the nation, order clerk (semi-skilled, sedentary) with 1,000 such jobs in Arkansas and over 150,000 such jobs in the nation, and service dispatcher (semi-skilled, sedentary) with 1,000 such jobs in Arkansas and over 100,000 in the nation. *See id.* The ALJ then determined Plaintiff was not disabled, as defined by the Act, at any time from his application date through the date of his decision or through October 22, 2007. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On June 25, 2009, the Appeals Council declined to

review the ALJ's unfavorable decision. (Tr. 4-6). On August 24, 2009, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 28, 2009. (Doc. No. 5). Both parties have filed appeal briefs. (Doc. Nos. 10, 15). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ's decision is not supported by substantial evidence in the record. (Doc. No. 10). Specifically, Plaintiff claims the ALJ erred in the following ways: (A) by failing to find his impairments met the requirements of one of the listings; (B) by failing to evaluate his subjective complaints; and (C) by concluding he retained the RFC to perform

a full range of medium work activity.[2] (Doc. No. 10, Pages 1-18). In response, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal the requirements of any of the listings. (Doc. No. 15, Pages 5-9). Defendant also argues that the ALJ properly assessed Plaintiff's subjective complaints and his RFC. (Doc. No. 15, Pages 9-18). This Court will address each of Plaintiff's arguments.[3]

### A. Evaluation of the Listings

Plaintiff claims his impairments meet the requirements of Listings 1.02, 1.04(A), and 1.05. (Doc. No.10, Pages 10-11). Plaintiff claims he meets the requirements of these listings due to "chronic joint pain of the back and right knee and right leg" and because he suffers from "constant spasms and weakness." *See id.* In response, Defendant argues that Plaintiff's impairments do not meet the requirements of any of these listings. (Doc. No. 15, Pages 5-9). Defendant argues that Listing 1.02 is inapplicable because Plaintiff can neither demonstrate a major dysfunction of a joint nor an inability to ambulate effectively. *See id.* at 7. Likewise, Defendant claims Listing 1.05 is inapplicable because Plaintiff has not demonstrated that he suffered from an amputation. *See id.* at 6. Defendant does not address Listing 1.04(A).

This Court finds the ALJ properly found Plaintiff's impairments do not meet the requirements of Listings 1.02, 1.04(A), and 1.05. First, Listing 1.02 requires a demonstration of "gross anatomical deformity" that results in an "inability to ambulate effectively." While Plaintiff complains of "chronic joint pain of the back and right knee and leg," he has not alleged that he suffers from a "gross anatomical deformity." Plaintiff has also not presented any medical evidence

---

[2] The ALJ actually found Plaintiff retained the RFC to perform *sedentary* activity. (Tr. 20, Finding 7). .

[3] It appears Plaintiff also argues that the ALJ improperly applied the Grids. (Doc. No. 10, Page 7). The ALJ did not rely upon the Grids. (Tr. 20). Therefore, this Court will not address that issue.

to this Court demonstrating that he suffers from such a deformity. Accordingly, this Court affirms the ALJ's finding that Plaintiff did not meet the requirements of Listing 1.02. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

Second, Listing 1.04(A) requires a demonstration that Plaintiff suffers from a spine disorder. While Plaintiff claims he suffers from asthma and leg injuries, he has submitted no evidence indicating that he suffers from a spine disorder that meets the requirements of Listing 1.04(A). After reviewing the record, this Court has found no such evidence. Accordingly, this Court affirms the ALJ's finding that Plaintiff does not meet the requirements of Listing 1.04(A). Third and Finally, Listing 1.05 requires a demonstration that Plaintiff has suffered from an amputation. Plaintiff does not claim he has suffered from any amputation. Therefore, this Court affirms the ALJ's finding that Plaintiff does not meet the requirements of Listings 1.05.

### B.  Evaluation of Subjective Complaints

Plaintiff claims the ALJ erred by discounting his subjective complaints of disabling pain. (Doc. No. 10, Pages 13-15). Plaintiff claims the fact that he was involved in a serious motorcycle accident in 2005 supports his claims that he suffers from disabling pain. *See id.* Plaintiff also claims that his medical records support his claims of disabling pain. *See id.* In response, Defendant argues that the ALJ properly assessed Plaintiff's subjective complaints of disabling pain and discounted those complaints for legally-sufficient reasons. (Doc. No. 15, Pages 9-13). Defendant argues that the ALJ properly found Plaintiff's lack of medical treatment and poor work history detract from his credibility. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

After reviewing the record in this case, this Court finds the ALJ correctly applied the *Polaski* factors and properly discounted Plaintiff's subjective complaints of disabling pain. In the present action, due to the sparse medical records in this case[5] and because Plaintiff's alleged disability arises primarily due to his pain, Plaintiff's subjective complaints are of particular significance in this case. Understanding the importance of those subjective complaints, the ALJ thoroughly evaluated the record to determine whether those complaints were credible.

Regarding Plaintiff's daily activities and functional restrictions, the ALJ noted the following:

> The claimant testified that he does very little around the house except watch television and make sure his children get ready for school. He did say he drives on a limited basis. This is a very restricted pattern of daily living inconsistent with the medical findings and with his own testimony during the hearing. The claimant testified at the hearing in February 2007 that he could lift up to 30 pounds, walk up to 2 blocks, stand for 25-30 minutes, and sit for 1-2 hours at a time. He alleged no problems with concentration due to pain, as he stated that he can sit and use his computer for 1-2 hours at a time. I do not find the claimant's allegation of disabling pain and impairment is fully credible, based on the medical evidence as well as the claimant's daily activities.

(Tr. 18). This finding is correctly based upon the observation that Plaintiff's allegation that he is extremely restricted in his daily activities is inconsistent with his sworn testimony at the administrative hearing. Thus, this Court finds no error with the ALJ's evaluation of these *Polaski* factors.

The ALJ also evaluated the duration, frequency, and intensity of Plaintiff's pain as well as

---

[5] This Court previously denied Plaintiff's Motions to Remand and Motion to Introduce New Evidence. (Doc. Nos. 17-18). Additional medical records were attached to those motions but were not included in the transcript and will not be considered in this Court's review. *See id.*

the dosage, effectiveness, and side effects of Plaintiff's medication. (Tr. 18). The ALJ found Plaintiff had a lack of medication and treatment. *See id.* The ALJ found this lack of treatment and medication indicated his pain was not as severe as he alleged. *See id.* Specifically, the ALJ found the following:

> Finally, although the claimant alleges pain and difficulty walking without a cane, he mentioned no pain medications and provided no treatment records for his right lower extremity since his last surgery in March 2006. Therefore, the medical evidence does not support the degree of pain alleged by the claimant.

(Tr. 18). Such a finding regarding Plaintiff's lack of treatment is consistent with the Eighth Circuit's standard for evaluating a claimant's subjective complaints. Indeed, the Eighth Circuit recognizes that a claimant's failure to follow a prescribed course of treatment is inconsistent with a finding of disability. *See Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995).

Finally, the ALJ also noted Plaintiff's work history did not provide much support for his subjective complaints of pain. Notably, the ALJ found the following regarding Plaintiff's work history:

> Until 2003, the claimant had a poor work record and had never performed SGA. He had been incarcerated for several years for theft by receiving and for carrying a firearm as a felon. However, beginning in 2003, he had a good work history until his accident. His recent work record does enhance his credibility somewhat.

(Tr. 18). Despite his recent work history, the ALJ correctly found Plaintiff's lack of work history during his adult life and failure to perform SGA substantially detracted from his credibility. Accordingly, based on the foregoing, this Court finds the ALJ correctly assessed Plaintiff's subjective complaints of disabling pain.

### C. Evaluation of Plaintiff's RFC

Plaintiff claims the ALJ improperly evaluated his RFC.[6] (Doc. No. 10, Pages 3-18). Plaintiff claims he cannot perform sedentary work. *See id.* In support of his claim that he is unable to perform sedentary work, Plaintiff provides the medical records of Dr. Michael Young, M.D., his orthopedic surgeon.[7] *See id.* On June 14, 2006, after performing several surgeries on Plaintiff's right leg, Dr. Young found Plaintiff would be unable to perform sedentary work. (Tr. 201-202, 382-463). In this report, Dr. Young also references these surgeries and found Plaintiff was "presently healing" from them. (Tr. 202). Dr. Young found Plaintiff had "difficulty ambulating at this time" due to the injury to his right leg. *See id.* Dr. Young's report covered the period from February 3, 2006 until June 14, 2006. *See id.* Apart from this June 14, 2006 record, Plaintiff references no other records in support of his alleged inability to perform sedentary work.

This Court has reviewed Dr. Young's findings from his June 14, 2006 report and, for several reasons, finds the ALJ properly discounted Dr. Young's restrictive findings. First, prior to this June 14, 2006, there his no evidence in the record that Dr. Young had seen Plaintiff since his surgery in March of 2006. (Tr. 201-204, 382-463, 494). There is no record of any follow-up appointments with Dr. Young, and there is no evidence of any underlying physical examinations supporting Dr. Young's restrictive findings. Thus, Dr. Young's findings may simply be based upon an uncritical acceptance of Plaintiff's subjective complaints. As such, they are not entitled to deference. *See Bentley v. Shalala,* 52 F.3d 784, 786-87 (8th Cir. 1995) (holding that "[w]hile the opinions of

---

[6] In his appeal brief, Plaintiff claims the ALJ erred by finding he retained the RFC for "medium" work. (Doc. No. 10). The ALJ, however, actually found Plaintiff retained the RFC for sedentary work. (Tr. 20, Finding 7). This Court presumes Plaintiff intended to allege the ALJ erred by finding he retained the RFC for sedentary work.

[7] As previously noted, the records from Dr. Young dated February 27, 2007 and August 27, 2009 were not included in the record and were not considered in this opinion. *See* Doc. Nos. 17-18.

treating physicians are entitled to special weight, they do not automatically control, since the record must be evaluated as a whole").

Second, on November 27, 2006, several months after this report, Dr. Young found Plaintiff was able to ambulate with only some limitation. (Tr. 205). Dr. Young found Plaintiff had "approximately 30% impairment in his lower extremities secondary to moderate lower extremity impairment due to gait derangement." *See id.* Dr. Young found Plaintiff would require the "use of a cane or crutch" while walking. *See id.* Notably, Dr. Young did not find Plaintiff would be entirely precluded from walking or would be unable to perform sedentary work, which primarily involves sitting. Indeed, the ALJ recognized the level of impairment Dr. Young found and noted the following: "There is no doubt that the claimant has some residual impairment of his right lower extremity since the accident." (Tr. 17). After recognizing Plaintiff had some degree of impairment in his right leg , the ALJ then incorporated Plaintiff's alleged limitations into his RFC determination and found Plaintiff retained the RFC for sedentary work.

Third and finally, Dr. Young's restrictive findings are inconsistent with Plaintiff's *own testimony at the administrative hearing* on February 20, 2007. As noted by the ALJ, Plaintiff testified at the hearing that he could "lift up to 30 pounds, walk up to 2 blocks, and sit for 1-2 hours at a time." (Tr. 17). In his appeal brief, Plaintiff does not dispute the fact that he made these statements at this hearing and does not explain how he can reconcile that testimony with Dr. Young's findings. Accordingly, based on the foregoing, this Court finds the decision of the ALJ finding Plaintiff is not disabled is supported by substantial evidence in the record and is affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of June, 2010.**

                                                 s/  Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U. S. MAGISTRATE JUDGE